[614 NYS2d 309]

In the Matter of STEVEN GROSSER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 20, 1994

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Etta M. Biloon* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By order of this Court, dated December 6, 1993, the Griev-

ance Committee for the Ninth Judicial District was authorized to institute and prosecute a disciplinary proceeding against the respondent and the issues raised were referred to William J. Daly, as Special Referee, to hear and report.

A notice of petition and petition containing 10 charges of professional misconduct were personally served upon the respondent on March 4, 1994. The charges include neglect, conduct involving dishonesty, fraud, deceit or misrepresentation, failure to turn over files after being discharged, conduct designed to prospectively limit the respondent's liability to a client for malpractice, and failure to cooperate. The respondent has failed to answer the petition.

The motion for a default judgment and supporting papers were personally served upon the respondent on March 25, 1994. The respondent has failed to submit any papers in opposition to the motion.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer these proceedings, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Steven Grosser, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Steven Grosser is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an

154

attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.